### BRANCH V. RILEY.

It is no excuse upon oyer, to say that the writing is lost, unless the plea contains a good excuse for not having it — in a hearing in damages upon a default, the court cannot make an offset of a demand, which the defendant has against the plaintiff, although it may arise out of the same transaction.

ACTION on a note, dated 21st of April A. D. 1790, which is, "For value received in a jack ass, I promise to pay seven

likely mules, four months old, by the 1st of October A. D. 1791." The plaintiff averred said mules were worth £60, etc.

Plea in bar — That at the time of executing said note the plaintiff executed to the defendant a writing, wherein he agreed, that in case said jack proved deficient in begetting of mules, he would take him back and replace another in his stead that would be sufficient; and in case the second proved insufficient, said note should be delivered up and canceled; averring that said first jack was wholly deficient; that he returned him, received a second which was also deficient; whereby the defendant was exonerated from said note.

The plaintiff prayed oyer of said writing. The defendant in excuse said it was lost. The court judged the excuse to be insufficient and ordered the writing to be produced; upon which the defendant was defaulted, and upon a hearing in damages, the defendant moved to introduce parol testimony to prove the contents of said writing.

By the COURT. This testimony cannot be received. The defendant by being defaulted has admitted the plaintiff's right of action, and no sufficient excuse is assigned why he cannot produce said writing; its being lost may be the effect of his own negligence and not of any inevitable accident. Besides, if he has such a writing, his proper remedy is by action upon it. See Phillips v. Halsey, New London, March Term, A. D. 1790.